UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

NELSON REY,

    Petitioner,

v.                                   Case No. 5:07-cv-249-Oc-10GRJ

WARDEN, FCC COLEMAN - LOW,

    Respondents.
_____

**ORDER DENYING PETITION**

Petitioner initiated this action by filing, through counsel, a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. The Petitioner challenges the computation of his sentence by the Bureau of Prisons (BOP). The BOP has filed a Response, and this case is ripe for review. For the following reasons, the Petition must be denied.[1]

**Factual and Procedural History**

The relevant facts underlying Petitioner's claims are not in dispute. Petitioner was arrested in October 1998 while on supervised release from a term of imprisonment imposed in United States v. Rey, 91-cr-556 (D. N.J.). See Resp. Exh. 1, 2. On December 17, 1999, Petitioner was sentenced to 30 months' imprisonment

---

[1] Because the Court may resolve the Petition on the basis of the record, the Court has determined that an evidentiary hearing is not warranted. See Rule 8, Rules Governing Habeas Corpus Petitions Under Section 2254.

for the supervised-release violation. The BOP credited Petitioner with 427 days of prior custody (from October 16, 1998 to December 16, 1999). Id. Petitioner earned 117 days of good conduct time (GCT) on this sentence, and the sentence was satisfied on December 19, 2000. Exh. 1 at 5; Exh. 2.

Pursuant to the October 1998 arrest, Petitioner was charged in the Eastern District of New York for conspiracy to commit money laundering and possession of cocaine with intent to distribute. See Exh. 1, 2. On October 13, 2000, Petitioner pleaded guilty and received concurrent 151-month sentences for the new offenses. The sentencing court ordered the new sentences to run concurrently with the prior violation-of-supervised-release sentence. Petitioner's Eastern District of New York sentences were aggregated pursuant to the PLRA, and the aggregate sentence was computed as commencing on October 13, 2000, the date the new sentences were imposed. The BOP determined that Petitioner came into custody for such offenses on October 16, 1998, and awarded Petitioner prior custody credit of 427 days for the time between October 16, 1998, and December 16, 1999, the date preceding imposition of the District of New Jersey supervised-release sentence. Exh. 1 at 3, Exh. 2.[2]

During his imprisonment, the BOP credited Petitioner with 54 days of GCT at

---

[2]According to the BOP, Petitioner received the prior custody credit on the 151-month PLRA sentence because, by law, such sentence could not be aggregated with Petitioner's pre-PLRA District of New Jersey sentence. Giving Petitioner the same prior custody credit on the new sentence allowed Petitioner to receive the same custody credit as if the old and new sentences had been aggregated. See Exh. 2.

2

the end of each year served in prison. For purposes of earning GCT, the BOP computed Petitioner's start date as August 12, 1999 (counting the number of days of custody credit back from the date of sentencing). See Exh. 3. Petitioner's projected GCT release date is August 9, 2010. Exh. 2.

## Petitioner's Claims

Petitioner asserts two claims for relief and argues that if he prevails on such claims then he will be entitled to release in March 2009. See Docs. 1, 6. First, Petitioner contends that the BOP has failed to award Petitioner all prior custody credit due him on his Eastern District of New York sentence because the BOP did not credit the sentence with the time spent in custody from December 16, 1999 (the date of sentencing for the violation of supervised release in the District of New Jersey case) through October 13, 2000, the date that Petitioner was sentenced in the Eastern District of New York case. Petition, Doc. 1 at 6-8. Petitioner argues that "fundamental fairness" dictates that this 10-month period should be credited to Petitioner's Eastern District of New York sentence. Id. Petitioner contends that but for the "arbitrary" scheduling of sentencing in the District of New Jersey supervised-release case prior to sentencing in the Eastern District of New York case, Petitioner would have received full credit for all of the time served prior to the Eastern District of New York sentencing. Id. at 7. Petitioner contends that the failure to award prior custody credit for the time spent in service of the District of New Jersey violation-of-supervised-release sentence, commencing December 16, 1999, frustrates the intent

3

of the Eastern District of New York sentencing court that Petitioner's sentence should run concurrent with the District of New Jersey sentence. See id.; Doc. 6 (Petitioner's reply to Response).

For his second argument, Petitioner contends that the BOP's interpretation of 18 U.S.C. § 3624, pertaining to the award of GCT, is flawed. Id. at 9-14. Petitioner concedes that the Eleventh Circuit has deferred to the BOP's interpretation of the statute in Brown v. McFadden, 416 F.3d 1271 (11th Cir. 2005), but asserts that Brown does not comport with certain decisions of the United States Supreme Court. Id.

Respondent concedes that Petitioner exhausted his administrative remedies on his first claim. Respondent contends that Petitioner has received all prior custody credit permitted under 18 U.S.C. § 3585(b). Doc. 5 at 5-10. Respondent contends that Petitioner failed to exhaust his administrative remedies with respect to his second claim, but that in any event the claim is foreclosed by Brown v. McFadden and subsequent controlling cases. Id. at 10-16.

## Discussion

### Petitioner's First Claim

It is well established that the Bureau of Prisons is charged with the responsibility of sentence computation and other administrative matters regarding the length of a prisoner's confinement, including the determination and award of prior

4

custody credit.³ Petitioner's Eastern District of New York sentence is governed by 18 U.S.C. § 3585. Pursuant to § 3585 (a), a sentence is deemed to commence when the defendant is "received in custody awaiting transportation to, or arrives voluntarily at . . . the official detention facility at which the sentence is to be served." The Court agrees with Respondent that it is clear from the statute that a sentence cannot commence before it has been imposed. Further, pursuant to § 3585 (b):

> A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences . . . <u>that has not been credited against another sentence.</u>

(emphasis added).

Upon being sentenced in the District of New Jersey supervised-release case on December 17, 1999, Petitioner was subject to incarceration pursuant to that sentence. The time that Petitioner spent in service of the District of New Jersey sentence from December 17, 1999, through the date of sentencing in the Eastern District of New York case was credited to the District of New Jersey sentence, and Petitioner is not entitled to also have that time credited to the Eastern District of New York sentence. See 18 U.S.C. § 3585(b). In enacting § 3585(b), "Congress made clear that a defendant could not receive a double credit for his detention time." Wilson, 503 U.S. at 337. Petitioner points to nothing in the record, nor any

---

³United States v. Wilson, 503 U.S. 329, 335 (1992) ( "After a district court sentences a federal offender, the Attorney General, through the BOP, has the responsibility for administering the sentence.").

5

controlling authority, that compels a different result. The Eastern District of New York's order that Petitioner's sentence run concurrent to the prior sentence did not have the effect of ordering any particular prior custody credit to Petitioner; indeed the court would not have had the authority to order the BOP to apply such credit. See id. at 334-35. Further, the term "concurrent" does not mean that two sentences imposed at different times must have the same starting date as the first-imposed sentence because, as noted, "'a federal sentence cannot commence prior to the date it is pronounced, even if made concurrent with a sentence already being served.'" Coloma v. Holder, 445 F. 3rd 1282, 1284 (11th Cir. 2006) (quoting United States v. Flores, 616 F.2d 840, 841 (5th Cir. 1980)). Accordingly, the Court concludes that Petitioner has shown no error in the BOP's determination of his prior custody credits.

**Petitioner's Second Claim**

Petitioner's second claim challenges the BOP's interpretation of 18 U.S.C. § 3624(b), which provides for 54 days of GCT for each year of imprisonment. The BOP has promulgated regulations and guidelines specifying that such GCT is calculated for each year actually served, at the end of each such year, and based only on the time served while the prisoner was in satisfactory compliance with institutional disciplinary regulations. See 28 C.F.R. § 523.20; BOP Program Statements 5580.28, 5884.03. Petitioner contends that he is entitled to GCT for each year of the sentence imposed, and that the BOP's application of its

6

interpretation to him results in the extension of his sentence by eight months.  See Doc. 1 at 10.  Petitioner concedes that this claim is unexhausted, but argues that exhaustion in this case would be futile.  Doc. 6.

The Court agrees that this claim is due to be dismissed for failure to exhaust, but even if the claim were exhausted the Court would deny relief because the claim is foreclosed by binding circuit precedent.  In Brown, the Eleventh Circuit determined that the GCT statute is ambiguous, but that the BOP's interpretation of the statute is reasonable and therefore entitled to deference.  416 F.3d at 1273.  Petitioner contends that in deciding Brown the Eleventh Circuit gave insufficient consideration to Clark v. Martinez, 543 U.S. 371 (2005), and Leocal v. Ashcroft, 543 U.S. 1 (2004), but the Eleventh Circuit has also expressly rejected that argument as a basis for not following Brown.  Jimenez-Perez v. Bauknecht, 2006 WL 1371581 (11th Cir. 2006) (unpublished).

## **Conclusion**

For the reasons set forth in this Order, the BOP has correctly computed Petitioner's sentence and the Petition is due to be **DENIED with prejudice**.  The

clerk is directed to enter judgment denying the Petition with prejudice and close the file.

**IT IS SO ORDERED.**

**DONE AND ORDERED** at Ocala, Florida, this 12th day of February 2009.

UNITED STATES DISTRICT JUDGE

c: Counsel of Record